O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID TALIFERRO ODOM, Plaintiff, v. CAROLYN W. COLVIN,[1] **Acting Commissioner of Social Security,** Defendant. | NO. CV 12-8158-MAN MEMORANDUM OPINION AND ORDER |

Plaintiff filed a Complaint on September 25, 2012, seeking review of the denial by the Social Security Commissioner ("Commissioner") of plaintiff's application for supplemental security income ("SSI"). On November 8, 2012, the parties consented to proceed before the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). The parties filed a Joint Stipulation on June 14, 2013, in which: plaintiff seeks an order reversing the Commissioner's decision and remanding this case for payment of benefits or, alternatively, for further administrative proceedings; and the Commissioner requests that her decision be affirmed or, alternatively, remanded for further administrative proceedings.

---

[1]    Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration on February 14, 2013, and is substituted in place of former Commissioner Michael J. Astrue as the defendant in this action. (*See* Fed. R. Civ. P. 25(d).)

**SUMMARY OF ADMINISTRATIVE PROCEEDINGS**

On August 28, 2009,[2] plaintiff filed an application for SSI benefits.[3] (Administrative Record ("A.R.") 24, 74.)  Plaintiff alleges a disability date of November 15, 1964, his date of birth, and claims he cannot work because of seizures, posttraumatic head injury, migraine headaches, pain on the right side of his face, auditory hallucinations, depression, and lower back pain. (A.R. 138, 170.)  Plaintiff has no past relevant work experience.  (A.R. 34, 170.)

After the Commissioner denied plaintiff's claim initially and upon reconsideration (A.R. 77-81, 83-87), plaintiff requested a hearing (A.R. 89-93).  On April 20, 2011, plaintiff, who was represented by counsel, appeared and testified at a hearing before Administrative Law Judge William J. Ordas (the "ALJ"). (A.R. 40-73.)  Vocational expert Sandra Schneider also testified. (*Id.*)  On May 11, 2011, the ALJ denied plaintiff's claim (A.R. 24-35), and the Appeals Council subsequently denied plaintiff's request for review of the ALJ's decision (A.R. 3-5).  That decision is now at issue in this action.

**SUMMARY OF ADMINISTRATIVE DECISION**

The ALJ found that plaintiff has not engaged in substantial gainful activity since August 28, 2009, his application date.[4]  (A.R. 26.)  The ALJ also found that plaintiff has the following impairments:  lower back pain; osteoarthritis of the right knee; obesity; depression not otherwise

---

[2]  The Court notes a discrepancy in the filing date.  The ALJ and some documents indicate that the filing date was August 28, 2009 (*see, e.g.*, A.R. 24, 74), but plaintiff's application summary reports a date of September 11, 2009 (A.R. 138).  For purposes of consistency, the Court adopts the ALJ's date of August 28, 2009, as the date of plaintiff's application.

[3]  The record indicates that plaintiff previously applied for disability insurance benefits, but his claim was rejected on June 3, 2003.  (A.R. 160.)

[4]  The ALJ correctly noted that plaintiff was in and out of prison for 20 years until July 2009.  He was not eligible for SSI while in prison, because he was considered a resident of a public institution as defined in 20 C.F.R. § 416.201.  (A.R. 24.)

specified; probable borderline intellectual functioning; and alcohol abuse. (*Id.*) In so finding, the ALJ noted that Joseph Ortega, M.D., plaintiff's treating psychiatrist at the Parole Outpatient Clinic ("POC"), diagnosed plaintiff with chronic paranoid schizophrenia in April 2010. (A.R. 27.) The ALJ concluded that, although plaintiff has a history of other conditions, such as seizures, hypertension, and gastroesophageal reflux disorder, there is no evidence that these conditions are ongoing or have more than a minimal effect on his ability to perform basic work-related activities. (*Id.*) Accordingly, the ALJ found these conditions to be nonsevere. (A.R. 28.) Next, the ALJ found that plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. §§ 416.920(d), 416.925, and 416.926. (*Id.*) The ALJ specifically noted that plaintiff did not meet or medically equal the criteria of Listing 12.04, because he had no restriction in activities of daily living, mild difficulties in social functioning, and moderate difficulties with regard to concentration, persistence, and pace. In pertinent part, when discussing plaintiff's social functioning limitations, the ALJ referenced Dr. Ortega's note that plaintiff was "irritable," but the ALJ also considered conflicting evidence from a consultative examination, California Detention Center ("CDC") notes, and plaintiff's own adult function report. (A.R. 29.)

After reviewing the record, the ALJ determined that plaintiff has the residual functional capacity ("RFC") to perform less than the full range of medium work as defined in 20 C.F.R. § 416.967(c). (A.R. 30.) Specifically, the ALJ found that plaintiff: "can lift and carry up to 50 pounds occasionally and 25 pounds frequently; stand and walk up to 6 hours in an 8-hour day; and sit without restriction. He is also limited to simple repetitive tasks, simple oral instructions, and low stress work." (*Id.*) In determining plaintiff's RFC, the ALJ summarized the medical record. (A.R. 31.) The ALJ included Dr. Ortega's finding that plaintiff was "totally disabled for life" and his observations that plaintiff was illiterate, had medical problems, and was recently released from prison after 20 years of spending time in and out of prisons. The ALJ found persuasive, however, contrary evidence from CDC records and plaintiff's own statements to Dr. Ortega that plaintiff was looking for a job and wanted to get his own apartment. (A.R. 32-33.)

The ALJ determined that plaintiff has no past relevant work and that considering his age,[5] education,[6] work experience, and RFC, plaintiff can perform jobs that exist in significant numbers in the national economy, including ground maintenance worker. (A.R. 34-35.) Accordingly, the ALJ concluded that plaintiff has not been under a disability since the date he filed the application. (A.R. 35.)

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether it is free from legal error and supported by substantial evidence in the record as a whole. Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (citation omitted). The "evidence must be more than a mere scintilla but not necessarily a preponderance." Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003). While inferences from the record can constitute substantial evidence, only those "'reasonably drawn from the record'" will suffice. Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006)(citation omitted).

Although this Court cannot substitute its discretion for that of the Commissioner, the Court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Sec'y of Health and Human Servs., 846 F.2d 573, 576 (9th Cir. 1988); *see also* Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." Andrews v. Shalala, 53 F.3d 1035, 1039-40 (9th Cir. 1995).

---

[5] On the date the application was filed, plaintiff was 44 years old, which is defined as a younger individual. (A.R. 34; citing 20 C.F.R. § 416.963.)

[6] The ALJ found that plaintiff is illiterate and able to communicate in English. (A.R. 32; citing 20 C.F.R. § 416.964.)

The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn, 495 F.3d at 630; *see also* Connett, 340 F.3d at 874. The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006)(quoting Stout v. Comm'r, 454 F.3d 1050, 1055-56 (9th Cir. 2006)); *see also* Burch, 400 F.3d at 679.

## DISCUSSION

Plaintiff claims that the ALJ failed to mention or properly consider the medical opinions of treating psychiatrist, Jospeh Ortega, M.D. (Joint Stipulation ("Joint Stip.") at 3-6, 11-12.)

### I.     **The ALJ Did Not Consider The Opinions Of Dr. Ortega Properly.**

An ALJ is obligated to take into account all medical opinions of record. 20 C.F.R. §416.927(d). It is the responsibility of the ALJ to resolve conflicts in medical testimony and analyze evidence. Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989). In the hierarchy of physician opinions considered in assessing a social security claim, "[g]enerally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." Holohan v. Massanari, 246 F.3d 1195, 1202 (9th Cir. 2001); *see also* 20 C.F.R. § 416.927(d).

The opinions of treating physicians are entitled to the greatest weight, because the treating physician is hired to cure and has a better opportunity to know and observe the claimant. Magallanes, 881 F.2d at 751. When a treating or examining physician's opinion is not contradicted

by another physician, it may be rejected only for "clear and convincing" reasons. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). When contradicted by another doctor, a treating or examining physician's opinion may only be rejected if the ALJ provides "specific and legitimate" reasons supported by substantial evidence in the record. *Id.*; *see also* Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1198 (9th Cir. 2008); Orn, 495 F.3d at 632.

"The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of . . . a treating physician." Lester, 81 F.3d at 831; *see* Pitzer v. Sullivan, 908 F.2d 502, 506 n.4 (9th Cir. 1990)(finding that the nonexamining physician's opinion "with nothing more" did not constitute substantial evidence). However, "[w]here the opinion of the claimant's treating physician is contradicted, and the opinion of a nontreating source is based on independent clinical findings that differ from those of the treating physician, the opinion of the nontreating source may itself be substantial evidence." Andrews, 53 F.3d at 1041. Independent clinical findings include "(1) diagnoses that differ from those offered by another physician and that are supported by substantial evidence, or (2) findings based on objective medical tests that the treating physician has not herself considered." Orn, 495 F.3d at 632 (internal citations omitted).

Plaintiff contends that the ALJ failed to even take note of many aspects of Dr. Ortega's opinions, much less provide specific and legitimate reasons for rejecting them. (Joint Stip. at 3-5, 11.) Plaintiff contends that this failure constitutes legal error, even if there is substantial evidence to support the decision. (Joint Stip. at 5.)

According to plaintiff, the ALJ neither discussed nor appropriately considered the following opinions of Dr. Ortega:

> Dr. Ortega stated that [plaintiff] requires a significant degree of assistance and direction to perform activities of daily living; that he is severe[ly] impaired in the

6

ability to interact appropriately with others, communicate effectively, concentrate, complete tasks and adapt to stresses common to the work environment including pressures of time, supervision and decision making; that he would not be reliable in reporting for work, carrying out simple, repetitive tasks; and that he has impairments in areas of concentration and problem solving; that he has poor frustration tolerance.

(Joint Stip. at 3-4.)

In his decision, the ALJ referenced Dr. Ortega's: schizophrenia diagnosis (A.R. 27); comment that plaintiff presented as irritable during an examination (A.R. 29); and conclusion that plaintiff was totally disabled for life (A.R. 32). The ALJ also generally referenced treatment records from POC, where Dr. Ortega worked, noting that "at the intake interview, the therapist considered [plaintiff] to be eligible for SSI because of the severity of his problems. He was illiterate, had medical problems, and was just coming out of 20 years of prison." By the end of the treatment records, however, the ALJ noted that "[plaintiff] did not consider himself disabled due to his own actions and beliefs."[7] (A.R. 33.)

The Commissioner contends that the "ALJ's acknowledgment of the evidence was an accurate description of [p]laintiff's treatment through the [POC] and shows the ALJ considered Dr. Ortega's opinion." (Joint Stip. at 7.) The Court is not convinced that contention is accurate. As plaintiff properly notes, while an ALJ need not discuss every piece of evidence, an ALJ must explain why significant and probative evidence -- such as regarding the various limitations opined by Dr. Ortega -- is rejected. Here, the ALJ only gave reasons for rejecting Dr. Ortega's ultimate disability determination. However, the ALJ failed to discuss, let alone give appropriate reasons

---

[7] Specifically, the ALJ noted that "[i]n May, 2010, after resuming his medication compliance, [plaintiff] reported that he was looking for a job and wanted to get his own apartment . . . . [The ALJ opined that t]hese are not the actions of a person who considers himself disabled from work and unable to care for his own needs." (A.R. 33.)

for rejecting, the significant and probative work-related limitations opined by Dr. Ortega. This constitutes error.[8]

Further, as Dr. Ortega's opinion regarding plaintiff's limitations may be relevant to plaintiff's RFC and thus, his ability to do other work, the Court cannot confidently conclude, as required, that the ALJ's error was inconsequential to the ultimate disability determination. Stout, 454 F.3d at 1055. Accordingly, remand is appropriate.

## II. Remand Is Required.

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id.* at 1179 ("[T]he decision of whether to remand for further proceedings turns upon the likely utility of such proceedings."). However, where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Id.* at 1179-81.

Remand is the appropriate remedy to allow the ALJ the opportunity to remedy the above-mentioned deficiencies and errors. *See, e.g.*, Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004)(remand for further proceedings is appropriate if enhancement of the record would be useful). On remand, the ALJ must correct the above-mentioned deficiencies and errors.

///

---

[8] Moreover, although the Commissioner now offers other reasons to explain the ALJ's rejection of the opinion of Dr. Ortega, the Court cannot entertain such post hoc rationalizations. *See, e.g.*, Orn, 495 F.3d at 630 ("We review only the reasons provided by the ALJ in the disability determination and may not affirm on a ground upon which he did not rely").


## CONCLUSION

Accordingly, for the reasons stated above, IT IS ORDERED that the decision of the Commissioner is REVERSED, and this case is REMANDED for further proceedings consistent with this Memorandum Opinion and Order.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this Memorandum Opinion and Order and the Judgment on counsel for plaintiff and for defendant.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: October 30, 2013

*Margaret A. Nagle*

MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE